507 A.2d 438

Borough of Tunkhannock, and Donald C. Harding, Jr., and Gerald S. Morgan, Individually and as Councilmen *v.* County of Wyoming, and Harold Grow, Robert V. Barziloski and Richard Fitzsimmons, Individually and as Commissioners. The Borough of Tunkhannock, Appellant.

Argued November 12, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*John F. Morgan,* for appellant.

*William W. Warren, Jr., Gelb, Myers, Bishop* & *Warren,* for appellees.

OPINION BY SENIOR JUDGE BARBIERI, April 3, 1986:

The Borough of Tunkhannock (Borough) and Donald Harding, Jr. and Gerald S. Morgan (hereinafter collectively referred to as Appellants), individually and as Councilmen, appeal here the final decree of the Wyoming County Court of Common Pleas dismissing Appellants' exceptions and refusing to enjoin the County of Wyoming (County) from expanding the county prison, a pre-existing non-conforming use, because of non-compliance with the Borough zoning ordinance.

On April 27, 1983 the County applied to the Borough's Zoning Board of Adjustment (Zoning Board) for a variance and a special use permit to allow reconstruction of the county prison on property a portion of which had been occupied as a jail since approximately 1866 when the County purchased the property. The Zoning Board denied the application on the basis that the County sought not an expansion of a pre-existing non-conforming use on property zoned R-1 residential but construction of an entirely new facility.

The County did not appeal the Zoning Board's decision but decided to investigate other sites. When on March 29, 1984 the County decided to proceed with construction at the original site, the Borough, on May 25, 1984, filed with the common pleas court a complaint in mandamus requesting that the court direct the County to refrain from proceeding with plans for erecting the

new county prison. On July 23, 1984 the court, with the consent of the parties, converted the action into a Petition for Declaratory Judgment. On October 16, 1984, after hearing, the court entered a decree nisi in favor of the County to which exceptions were filed. Meanwhile, the County had advertised for bids for the construction work and awarded the contracts. On October 29, 1984 the Borough filed a "Petition to Restrain Construction and/or Demolition." On October 31, 1984, construction commenced.

On December 13, 1984 the common pleas court entered an order dismissing exceptions to the October 16, 1984 decree nisi and directed that the decree nisi become final. There was no ruling on the "Petition to Restrain Construction and/or Demolition."

On December 19, 1984 the Borough filed an appeal in this Court from the December 13, 1984 order. On December 21, 1984, the Borough filed a "Motion for Post-Trial Relief (Including Injunction)" with the common pleas court. There was no ruling on that motion.

On April 19, 1985, we denied Appellants' application for injunctive relief filed with this Court on February 22, 1985 based upon an analysis of the enabling statutes applicable to the County and the Borough plus consideration of the consequences of allowing one governmental entity to have pre-eminent powers over the other. *Commonwealth of Pennsylvania, Department of General Services v. Ogontz Area Neighbors Association,* 505 Pa. 614, 483 A.2d 448 (1984). We determined that plain reading of the enabling legislation pursuant to which the County acted in proceeding with its plans to enlarge its prison together with the persuasive interpretation of county authority provided in *McFarland v. Parkhouse,* 85 Pa. Commonwealth Ct. 467, 482 A.2d 1177 (1984) pointed in favor of denying the requested relief.

On appeal from the common pleas court's failure to award the Borough injunctive relief, Appellants list three reasons why we should reverse the lower court's dismissal of exceptions to the decree nisi. First, Appellants argue that Section 2316 of The County Code, Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §2316, prevents the County from proceeding with its construction project in the absence of Borough consent. 16 P.S. §2316 provides:

> Whenever the court house, jail or other building of the county is located upon a public square or common in the city, borough or town then being the county seat, and a new building is authorized and required to be erected, in place of such court house, jail or other building, the board of county commissioners may erect such new building upon any other of the public squares or commons of said city, borough or town, or upon any part thereof, if the council of the city, borough or town shall have first consented to such new location for said building.

The Borough contends that the record is "replete with testimony reflecting the public and common usage of the lot adjoining the present jail." Appellants' brief at page 7. As the language of the above statute indicates, however, the Borough is given the right to object only when a new prison is being constructed upon a second public square or common. In this case, the property upon which the old jail is located and the property onto which, after construction is completed, the facility will be extended, constitute a single lot. Using the back portion of the lot as a playground does not vest in the Borough, pursuant to 16 P.S. §2316, a sufficiently strong interest in the tract to cause there to be a limitation on the right of the County to expand its prison.

Appellants next argue that the County is bound by its failure to appeal the May 25, 1983 decision of the

Tunkhannock Zoning Board denying the variance which the County had requested of the Board in connection with the construction project. The above argument subsumes the pre-eminent power of the Borough to impose the requirements of its zoning ordinance upon the County, the tacit implication of the Borough's third argument, that the Borough's zoning ordinance is applicable to the County, as well. Whether the Borough should have pre-eminent power over the County to impose upon the County the requirements of its zoning ordinance is the basic issue to be addressed in this appeal.

To decide that question we refer to *Commonwealth of Pennsylvania, Department of General Services v. Ogontz Area Neighbors Association,* cited above, which provides the framework for analysis in cases of conflict between two instrumentalities of the state regarding land use objectives. In *Ogontz,* the Supreme Court examined prior case law[1] and the methods of analysis employed therein and, as a result, approved the initial step utilized previously of attempting to determine by examining the enabling statutes applicable to each of the governmental entities, which the legislature intended to have pre-eminent powers. The Supreme Court rejected, however, the prior balancing approach employed when the legislative intent as to which governmental entity should prevail was indecipherable. The Court reasoned that the balancing approach had nothing to do with legislative intent and was, in actuality, judicial legislation. The Court proposed, instead, that legislative intent may be discerned by applying the statutory rules of the construction. Thus, legislative intent may be determined by a consideration, *inter alia,* of the consequences of a

---

[1] *Township of South Fayette v. Commonwealth,* 477 Pa. 574, 385 A.2d 344 (1978); *City of Pittsburgh v. Commonwealth,* 468 Pa. 174, 360 A.2d 607 (1976); and *Pemberton Appeal,* 434 Pa. 249, 252 A.2d 597 (1969).

particular interpretation. Section 1921(c)(6) of the Statutory Construction Act, 1 Pa. C. S. §1921(c)(6).

This Court recently applied the above analysis in the case of *Township of Middletown v. County of Delaware,* 86 Pa. Commonwealth Ct. 501, 485 A.2d 535 (1984). Delaware County proposed to construct a solid waste-to-energy plant on property located in the Township and owned by the County on which the County operated a geriatric complex. The plant would produce steam from the incineration of solid waste which would be used to heat and air-condition the complex. The Township had advised the County that it objected to the proposed plant, that the County's property was subject to the zoning ordinances of the Township and that no permits were to be issued for the project. The County then filed an action for declaratory judgment claiming that it was not subject to the zoning ordinances and other permitting ordinances or requirements of the Township. The Delaware County Court of Common Pleas entered an order in favor of the County granting declaratory relief against the Township. This Court on appeal examined the Delaware County Home Rule Charter and other applicable statutes and stated it could not determine from that legislation an express legislative instant as to which governmental entity should prevail. Applying Section 1921(c)(6) of The Statutory Construction Act, 1 Pa. C. S. §1921(c)(6), we determined that allowing Delaware County to prevail would frustrate the Township's zoning scheme while allowing the Township to succeed would mean that the County would lose only this particular location for its plant. Therefore, we reversed the order of the common pleas court.

In the case at hand, the Borough derives its authority to enact zoning laws from the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805,

*as amended,* 53 P.S. §§10100-11202, which contains no conflict of laws provision. 53 P.S. §10601 provides:

> The governing body of each municipality, in accordance with the procedures set forth in this act, may enact, amend and repeal zoning ordinances to supplement comprehensive plans and to accomplish any of the purposes of this act.

The County derives its authority to acquire and use property for county purposes by virtue of the County Code, Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §§101-2901. 16 P.S. §2305 provides in pertinent part as follows:

> (a) The county commissioners may purchase for not more than the fair market value, take by gift, devise or by the power of eminent domain, in accordance with the provisions of this act, such real property at the county seat or in such other places, as may be authorized by law, as they deem necessary for the purposes of a county courthouse, county jail, prison . . . or other county building, . . . either acquisition of a building suitable for such purposes, or in the construction of a new building, or in the alteration, including enlargement, of an existing county building. . . .
>
> (b) The county commissioners may also use any real property at the county seat or elsewhere, as authorized by law, owned by the county, and deemed suitable by them for the purposes aforesaid, except such property as is bound by contract to another public use.

* * *

16 P.S. §2315 provides the County the authority and procedure for acquiring, constructing or altering county buildings

> (b) The county commissioners may provide . . . for the construction or alteration, including en-

largement of a county court house, county jail, prison . . . and such other county buildings, as may be required or authorized by law. Such construction or alteration shall be done at the county seat or elsewhere as authorized by law.

In *McFarland v. Parkhouse*, we interpreted the language "as authorized by law" contained in almost identical provisions of the Second Class County Code, Act of July 28, 1953, P.L. 723, *as amended*, 16 P.S. §§3101-6202, to give authority to the Montgomery County Commissioners to erect a new prison complex on county-owned propery outside the county seat rather than on property in the county seat as desired by the township's board of supervisors. Thus, when Judge CRAIG, writing for this Court in *McFarland*, interpreted the language "as authorized by law" to mean "action by the commissioners within the sphere of their legal authority," 85 Pa. Commonwealth Ct. at 472, 482 A.2d at 1180, he interpreted the statute to allow the county preeminent power over the township to determine the prison's location.

The above persuasive interpretation of county authority leads us to conclude in the case at hand that 16 P.S. §2315 accords Wyoming County pre-eminent power over the Borough to override its zoning ordinance and choose the present site of the prison on which to build a larger prison. Counties, by legislative mandate, must provide county prisons. There is no legislative mandate that counties provide waste-to-energy power plants. In this way, *Township of Middletown,* may be distinguished.

Even were we not to so interpret 16 P.S. §2315, consideration of the consequences of permitting the Borough to have pre-eminent power over the County persuades us that that is not the correct result. Allowing the Borough to enforce its zoning ordinance essentially

would preclude the County from providing a county prison except at a much greater cost to County, including Borough, taxpayers. We are especially persuaded by the fact that the prison has existed on the property for nearly one hundred and twenty years and has represented a pre-existing non-conforming use since the zoning ordinance's enactment. We do not believe that the ordinance will prevent the non-conforming use's expansion. Accordingly, we will affirm the common pleas court's order dismissing exceptions to the decree nisi.

## ORDER

AND NOW, this 3rd day of April, 1986, the order of the Wyoming County Court of Common Pleas at No. 84-325 dismissing exceptions filed to the decree nisi and making the decree final is hereby affirmed.