596 A.2d 265

### COUNTY OF VENANGO

v.

### BOROUGH OF SUGARCREEK and Judy Kresenske et al.

### Appeal of Judy KRESENSKE, Nola L. Barnes et al.

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 1991.

Decided July 29, 1991.

Bruce T. Rosen, Oil City, for appellant.

Robert W. McFate, Oil City, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO and PELLEGRINI, JJ.

DOYLE, Judge.

This is an appeal from an order of the Court of Common Pleas of Venango County which reversed a decision of the Sugarcreek Borough Zoning Hearing Board which had denied the County of Venango (County) a special exception to construct a county jail on property owned by the County within the Borough of Sugarcreek (Borough). We affirm the court of common pleas.

Venango County is a sixth class county governed by The County Code[1] and Sugarcreek Borough is a borough governed by The Borough Code.[2] The County owns approximately 335 acres in the Borough which it chose as a site for a new jail. The Sugarcreek Borough Zoning Ordinance classifies the site as R–1 Suburban Residential which classi-

1. Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §§ 101–2901.
2. Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §§ 45101–48501.

fication does not permit use as a county jail. This conflict gave rise to the issue presented to the court of common pleas, and raised before us now on appeal, specifically, whether the County, by virtue of Sections 2305 and 2315 of The County Code, 16 P.S. §§ 2305 and 2315, has preeminent power over the Borough so as to enable it to supersede the borough zoning ordinance and construct a county jail on county-owned property within the Borough. Judge Paul B. Greiner, in a succinct and well-reasoned opinion, applied the correct legal principles and reversed the zoning hearing board.

■ A cameo of the current Pennsylvania law is as follows: When a conflict exists between a municipal zoning ordinance and a proposed land use by a county, the Court must first look at the legislative intent behind the enabling legislation of the two bodies in order to determine the dominance of one over the other. *See Department of General Services v. Ogontz Area Neighbors Association,* 505 Pa. 614, 483 A.2d 448 (1984). If clear legislative intent cannot be found, a statutory construction test must be applied.

■ The Commonwealth Court applied this test in *Borough of Tunkhannock v. County of Wyoming,* 96 Pa. Commonwealth Ct. 243, 507 A.2d 438 (1986). In *Tunkhannock,* as here, the county wanted to build a jail; in *Tunkhannock,* as here, the legislation involved the Pennsylvania Municipalities Planning Code,[3] 53 P.S. §§ 10101–11202, upon which the Borough relied, and Sections 2305 and 2315 of the County Code, relied upon by the County. When comparing these two enabling acts, this Court found that Section 2315 of the County Code clearly gave preeminence to the County to override the Borough's zoning ordinance, opining as follows:

In the case at hand, the Borough derives its authority to enact zoning laws from the Pennsylvania Municipali-

---

**3.** Act of July 31, 1968, P.L. 805, *as amended.* This Act was reenacted by the Act of December 21, 1988, P.L. 1329.

ties Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202, which contains no conflict of laws provisions. 53 P.S. § 10601 provides:

> The governing body of each municipality, in accordance with the procedures set forth in this act, may enact, amend and repeal zoning ordinances to supplement comprehensive plans and to accomplish any of the purposes of this act.[4]

The County derives its authority to acquire and use property for county purposes by virtue of the County Code, Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §§ 101–2901. 16 P.S. § 2305 provides in pertinent part as follows:

> (a) The county commissioners may purchase for not more than the fair market·value, take by gift, devise or by the power of eminent domain, in accordance with the provisions of this act, such real property at the county seat or in such other places, *as may be authorized by law,* as they deem necessary for the purposes of a county courthouse, county jail, prison ... or other county building, ... either in acquisition of a building suitable for such purposes, or in the construction of a new building, or in the alteration, including enlargement, of an existing county building....
>
> (b) The county commissioners may also use any real property at the county seat or elsewhere, *as authorized by law,* owned by the county, and deemed suitable by them for the purposes aforesaid, except such property as is bound by contract to another public use.
>
> \* \* \* \* \* \*

16 P.S. § 2315 provides the County the authority and procedure for acquiring, constructing, or altering county buildings

> (b) The county commissioners may provide ... for the construction or alteration, including enlargement of a county court house, county jail, prison ... and such

---

4. This provision was unaltered by the 1988 reenactment. *See supra* n. 2.

other county buildings, *as may be required or authorized by law.* Such construction or alteration shall be done at the county seat or elsewhere *as authorized by law.*

In *McFarland v. Parkhouse* [85 Pa.Cmwlth. 467, 482 A.2d 1177 (1984) ], we interpreted the language 'as authorized by law' contained in almost identical provisions of the Second Class County Code, Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. §§ 3101–6202, to give authority to the Montgomery County Commissioners to erect a new prison complex on county-owned property outside the county seat rather than on property in the county seat as desired by the township's board of supervisors. Thus, when Judge Craig, writing for this Court in McFarland, interpreted the language 'as authorized by law' to mean 'action by the commissioners within the sphere of their legal authority,' 85 Pa. Commonwealth Ct. at 472, 482 A.2d at 1180, he interpreted the statute to allow the county pre-eminent power over the township to determine the prison's locations.

The above persuasive interpretation of county authority leads us to conclude in the case at hand that 16 P.S. § 2315 accords Wyoming County pre-eminent power over the Borough to override its zoning ordinance and *choose* the present site of the prison on which to build a larger prison. Counties, by legislative mandate, must provide county prisons. (Emphasis added.)

*Id.,* 96 Pa.Commonwealth Ct. at 248–50, 507 A.2d at 441–42.

*Tunkhannock* controls the case *sub judice.* Accordingly, we affirm the order of Court of Common Pleas of Venango County.[5]

BYER, J., did not participate in the decision in this case.

**5.** The parties neither briefed nor argued the issue of whether or not a county jail is a municipal building, although this issue was before the court below and not decided. In the interest of judicial economy, we decide this necessary legal issue and conclude that a jail is a municipal building.

## ORDER

NOW, July 29, 1991, the order of the Court of Common Pleas of Venango County in the above-captioned matter is affirmed.

PELLEGRINI, Judge, dissenting:

I respectfully dissent.

In *Department of General Services v. Ogontz Area Neighbor's Association*, 505 Pa. 614, 483 A.2d 448 (1984), our Supreme Court held that to resolve a conflict between a local zoning ordinance and a proposed land use by another governmental entity, the enabling legislation must first be examined to determine if there is a clear legislative intent as to which one is controlling. If there is no clear legislative intent, legislative intent is determined by interpreting the consequences of a particular interpretation. Statutory Construction Act, 1 Pa. C.S. § 1921(c)(6); 505 Pa. at 628, 483 A.2d at 455. Moreover, our Supreme Court specifically rejected a legislative intent that local zoning was preempted merely because the Commonwealth or other governmental entity had the power of eminent domain to condemn property to carry out the proposed use. 505 Pa. at 626, 483 A.2d at 454.

Here, the majority finds that the provisions of the County Code, Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §§ 101–2910, authorizing the county to maintain jails, prisons and buildings, pre-empts local zoning. Specifically, the majority relies on Section 2305 of the Code, 16 P.S. § 2305, which provides, *inter alia:*

(a) The county commissioners may purchase for not more than the fair market value, take by gift, devise or by the power of eminent domain, in accordance with the provisions of this act, such real property at the county seat or in such other places, *as may be authorized by law*, as they deem necessary for the purposes of a county courthouse, county jail, prison ... or other county building, ... either in acquisition of a building suitable for such

purposes, or in the construction of a new building, or in the alteration, including enlargement, of an existing county building....

(b) The county commissioners may also use any real property at the county seat or elsewhere, *as authorized by law,* owned by the county, and deemed suitable by them for the purposes aforesaid, except such property as is bound by contract to another public use. (Emphasis added.)

and Section 2315 of the Code, 16 P.S. § 2315:

(b) The county commissioners may provide ... for the construction or alteration, including enlargement of a county court house, county jail, prison ... and such other county buildings, *as may be required or authorized by law.* Such construction or alteration shall be done at the county seat or elsewhere *as authorized by law.* (Emphasis added.)

Neither of these provisions under *Ogontz* is sufficient to show a legislative intent to pre-empt local zoning.

Counties are only authorized to undertake an activity if it is an enumerated power conferred upon them by the General Assembly in the County Code or other legislation. The provision of the County Code cited by the majority merely authorizes counties to construct and maintain a jail or prison, but contains no language nor shows any intent that the legislature intended to pre-empt local zoning. In *Ogontz,* our Supreme Court specifically stated that the legislative grant to a governmental entity to acquire property for an enumerated purpose by eminent domain is insufficient in itself to determine that the legislature intended to pre-empt local zoning. If eminent domain does not evidence a legislative intent to pre-empt local zoning, certainly the mere power to acquire land for a use also cannot.

Relying on the *Borough of Tunkhannock v. County of Wyoming,* 96 Pa. Commonwealth Ct. 243, 250, 507 A.2d 438,

442 (1986), the majority would interpret "as authorized by law" as contained in those provisions, to mean "action by the commissioners within the sphere of their legal authority" to find legislative intent to pre-empt local zoning powers as applied to the location of county jails or prisons. The consequences of adopting such an interpretation would mean that every time a governmental entity carries out one of its enumerated powers as "authorized by law", (is there any other way?) then local zoning would automatically be pre-empted. To find that any time another governmental entity carries out one of its enumerated powers, local zoning is pre-empted, is a result completely at variance with our Supreme Court's holding in *Ogontz*. The consequences of such an interpretation would frustrate the legislative mandate that local governments implement a comprehensive land use plan for their municipalities, and authorization to establish a jail could be accomplished by the acquisition of another parcel properly zoned that could accommodate a prison. *See Ogontz*, 505 Pa. at 628, 483 A.2d at 455.

Accordingly, I would reverse.