626 A.2d 489

## COUNTY OF VENANGO,

v.

## BOROUGH OF SUGARCREEK, ZONING HEARING BOARD.

Appeal of Judy KRESENSKE, Nola L. Barnes, James Holden, Caryl Holden, Daniel Brenneman, Beverly A. Brenneman, Lowell J. Thomas, Beverly Thomas, Robert Adams, Howard Barger, Shirley Barger, Ada Audine, Wilt Deeter, Robert T. Bell, R. Thomas Bell, John E. Cutchall, Glenn Fulmer, Louis Dalmaso, Louise Dalmaso, Mark Daley, Kathryn Daley, Frances Payne, Larry Green, Mary Black, Dale W. Green, Michael Shook, Cynthia Shook, William Vallesalice, Harold Moore and Francie E. Gibbons.

Supreme Court of Pennsylvania.

Submitted Sept. 21, 1992.

Decided May 26, 1993.

2

Bruce T. Rosen, Rosen Rosen & Bloom, Oil City, for appellants.

Robert W. McFate, McFate, McFate & McFate, Oil City, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION

ZAPPALA, Justice.

This appeal presents a single issue: whether the powers of Venango County under the County Code, Act of August 9, 1955, P.L. 323, as amended, 16 P.S. §§ 2305, 2315, are pre-eminent over the Zoning Ordinance adopted by Sugarcreek Borough under the authority of Municipalities Planning Code, Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10601.

The County owns approximately 335 acres of land in the Borough, on which it wishes to construct a new jail. The parcel is located in an area zoned R–1 Suburban Residential, which does not permit the proposed use. The County applied

to the Zoning Hearing Board for a special exception, which was denied. The Board determined that a jail was not one of the uses mentioned in the Special Use provisions of the ordinance regarding R–1 zones, and that the use would not be compatible with adjacent uses and structures. Therefore neither basis for granting a special exception existed.

The County's appeal to the Court of Common Pleas was sustained. The court held as follows:

Under the authority of *Commonwealth of Pennsylvania, Department of General Services v. Ogontz Area Neighbors Association,* 505 Pa. 614, 483 A.2d 448 (1984), we must apply a two-step review to determine which municipal government has preeminent power over the other. The first step is to look at the enabling legislation of both municipal bodies to find a clear legislative intent as to which should have preeminent power in case of a conflict. If such intent is found to exist, it would be given effect. If there is no clear legislative intent found within the enabling statutes, the Court then applies the Rules of Statutory Construction. Set out at 1 Pa.C.S.A. § 1921.

We find such clear legislative intent establishing the preeminent power of the County of Venango in the County Code, Act of August 9, 1955, P.L. 323 (16 P.S. Sections 2305 and 2315.) It is thus not necessary to give consideration to the second step of applying the Rules of Statutory Construction. See also *Borough of Tunkhannock vs. County of Wyoming,* 96 Pa.Commonwealth Court, 243, 507 A.2d 438 (1986).

The Appellants here, residents of the area around the parcel who had intervened in the common pleas court, appealed to the Commonwealth Court. That court identified its decision in *Tunkhannock* as an application of the *Ogontz* test that controlled this case and affirmed. 141 Pa.Cmwlth. 46, 596 A.2d 265. We granted allowance of appeal and now reverse.

In *Commonwealth of Pennsylvania Department of General Services v. Ogontz Area Neighbors Association,* 505 Pa. 614, 483 A.2d 448 (1984), we addressed the question whether one

instrumentality of the state, the Department of General Services, had authority that overrode the authority of another instrumentality of the state, the City of Philadelphia. The Department sought to construct a facility for the mentally handicapped on property that had been acquired by the Department of Public Welfare pursuant to a legislative mandate to relocate former patients of the Pennhurst State School and Hospital. The City, through its Department of Licenses and Inspections, denied the necessary permits because the proposed use was not permitted in the district, and the Zoning Board of Adjustment affirmed.

The common pleas court reversed, holding that because the Commonwealth had power to acquire property by eminent domain to establish facilities such as the one proposed it was immune from local land use restrictions. Commonwealth Court affirmed by an equally divided court.

In reversing, we observed

the conflict ... is not a contest between superior and inferior governmental entities, but instead a contest between two instrumentalities of the state. [City of Pittsburgh v. Commonwealth, 468 Pa. 174, 179, 360 A.2d 607, 610 (1976)]. The legislature has the power to regulate both of these governmental entities, enlarging or restricting their authority to act; and, generally, the task of courts in these cases is to determine, through an examination of the enabling statutes applicable to each of the governmental entities, which the legislature intended to have preeminent powers. The problem, essentially, is one of statutory interpretation.

505 Pa. at 622–23, 483 A.2d at 452. After reviewing some of the cases, we determined that "this Court's earlier view that eminent domain powers necessarily indicate a legislative intent that the agency may override local zoning regulations, should no longer control." Id. at 626, 483 A.2d at 454. Being unable to ascertain the legislative intent from the language of the enabling legislation, we turned to the Rules of Statutory Construction, specifically, the rule that legislative intent may

be determined by consideration of the consequences of a particular interpretation. 1 Pa.C.S. § 1921(c)(6).

> The consequences of deciding that the Commonwealth should be preeminent in this matter are that Philadelphia's zoning scheme would be frustrated in this case and every other case where a Commonwealth land use plan conflicted with the city plan. On the other hand, if the city were to prevail, the Commonwealth's mandate to establish mental health facilities at various locations in the state would not necessarily be frustrated, for the loss of one location might well be compensated for by substitution of another. Thus, deciding that the city's zoning authority supersedes that of the Commonwealth agency to establish a mental health facility in a particular geographical location arguably would give effect to the legislative mandates of both governmental entities, a consequence which, absent more certain legislative direction, seems advisable.

505 Pa. at 628, 483 A.2d at 455.

Here, the lower courts found a clear indication of legislative intent that the County's authority was preeminent in the County Code, 16 P.S. §§ 2305 and 2315. Section 2305 reads:

> (a) The county commissioners may purchase for not more than the fair market value, take by gift, devise or by the power of eminent domain, in accordance with the provisions of this act, such real property at the county seat or in such other places, as may be authorized by law, as they deem necessary for the purposes of a . . . county jail, prison, . . . or other county building, . . . either in acquisition of a building suitable for such purposes, or in the construction of a new building, or in the alteration, including enlargement, of an existing county building. . . .

> (b) The county commissioners may also use any real property at the county seat or elsewhere, as authorized by law, owned by the county, and deemed suitable by them for the purposes aforesaid, except such property as is bound by contract to another public use.

Section 2315 provides:

(b) The county commissioners may provide ... for the construction or alteration, including enlargement of a ... county jail, prison, ... and such other county buildings, as may be required or authorized by law. Such construction or alteration shall be done at the county seat or elsewhere as authorized by law.

Commonwealth Court interpreted the phrase "as authorized by law" in these sections to mean "action by the commissioners within the sphere of their legal authority." This interpretation was derived from *McFarland v. Parkhouse*, 85 Pa. Commw. 467, 482 A.2d 1177 (1984). In that case, township supervisors sought to enjoin the construction of a new county jail on land located within their township. They argued that this language meant that the County Code did not permit such construction outside the county seat *absent specific authorization by the legislature.* Commonwealth Court rejected this interpretation in favor of the one stated above because to interpret "as authorized by law" as requiring a specific statute passed by the legislature to validate the commissioners' action " 'would prove a great impediment to a flexible government, responsive to changing conditions and needs.' " *Id.* at 472, 482 A.2d at 1180 (citation omitted). "Absent specific state legislation, legal authority may be established by relevant *county* action, which is what occurred here." *Id.* (Emphasis in original.)

Whatever the validity of this interpretation of the phrase "as authorized by law" in the context of the *McFarland* case, which predated *Ogontz,* we do not agree that these sections of the County Code establish a clear legislative direction that the authority granted therein to use county property for a jail may be exercised without regard to local land use regulations. Even if the commissioners may "act within the sphere of their legal authority" to acquire property or use property already owned by the county for the stated purposes, there is no indication that they may ignore local zoning restrictions in doing so. These sections are no more specific with regard to the zoning issue than the provisions authorizing acquisitions by eminent domain that we stated in *Ogontz* do not in and of

themselves indicate a legislative intent to preempt local regulation.

From this conclusion, the remainder of our analysis is identical to that found in *Ogontz*. The consequences of deciding that the County should be preeminent in this matter are that the Borough's zoning scheme would be frustrated in this case and in every other case where a County land use plan conflicted with the Borough plan and the County was carrying out it one of its enumerated powers "as authorized by law." On the other hand, if the Borough were to prevail, the County's power to locate jails and other facilities would not necessarily be frustrated, for it is possible to exercise this power consistent with local comprehensive land use plans by acquisition of other parcels zoned to accommodate such uses. Such a decision "would give effect to the legislative mandates of both governmental entities, a consequence which, absent more certain legislative direction, seems advisable." *Ogontz*, 505 Pa. at 628, 483 A.2d at 455.

The Order of the Commonwealth Court is reversed. The Order of the Court of Common Pleas of Venango County sustaining the County's appeal from the decision of the Sugarcreek Borough Zoning Hearing Board and granting leave to the County to proceed with plans for construction of a jail on the parcel in question is vacated.

LARSEN, J., files a concurring opinion.

LARSEN, Justice, concurring.

I concur in the result only and in support thereof cite my dissenting opinion in *Olon v. Commonwealth of Pennsylvania, Department of Corrections*, 534 Pa. 90, 626 A.2d 533 (1993).