629 A.2d 240

## BOROUGH OF BEAVER

v.

## COUNTY OF BEAVER, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 14, 1993.

Decided July 16, 1993.

---

Dale M. Fouse, County Sol., for appellant.

John J. Petrush, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

The County of Beaver (County) appeals from the order of the Beaver County Court of Common Pleas (trial court) enjoining the acquisition of land for and construction of a new county jail in the Borough of Beaver (Borough).

Because of the overcrowding and the outmoded nature of its existing County Jail, the County, through its Commissioners, decided to replace it and build a new jail. The County proposed to build the new jail on land on which the present jail is located, as well as three adjacent residential properties. It acquired one of the residential properties and was actively seeking to acquire the others, either through an amicable

purchase or through eminent domain. The major portion of the proposed site is located in an R–1/low-density residential district, with the remainder located in a C–3/commercial-professional district. Not only is a jail not a permitted use in either district, the proposed design of the new facility also violates building height, lot coverage and parking requirements of the Borough's Zoning Code. However, believing that Sections 2305 and 2315 of the County Code[1] preempted local zoning laws, the County never applied to the Borough Zoning Hearing Board for zoning approval and proceeded with its plans to build the new facility.

To enjoin the County from constructing the new jail because no permit was applied for and the proposed design was in violation of provisions of the Zoning Code, the Borough filed a complaint in equity seeking to enjoin the County from acquiring any additional properties adjacent to the proposed site of the new jail and from proceeding further with construction of the new jail. The County filed preliminary objections demurring to the Borough's complaint, contending that the County Code preempted it from application of local zoning laws.

After a hearing, the trial court granted the Borough's request for a preliminary injunction. The trial court determined that the case was controlled by the Supreme Court's holding in *Department of General Services v. Ogontz Area Neighbors Association*, 505 Pa. 614, 483 A.2d 448 (1984).

1. Section 2305 of the Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 2305:

> (a) The county commissioners may purchase for not more than fair market value, take by gift, devise or by the power of eminent domain, in accordance with the provisions of this act, such real property at the county seat or in such other places, *as may be authorized by law*, as they deem necessary for the purposes of a county courthouse, county jail, prison.... (Emphasis added.)
>
> * * *
>
> Section 2315 of the County Code, 16 P.S. § 2315:
> (b) The county commissioners may provide, in accordance with this section, for the construction or alteration, including enlargement of a county court house, county jail, prison ..., as may be required or *authorized by law*. Such construction or alteration shall be done at the county seat or elsewhere *as authorized by law*.... (Emphasis added.)

*Ogontz* set forth a two-part analysis to determine who is preeminent when there is a conflict between the laws of two governmental entities. Under the first part of the analysis, "the task of the courts . . . is to determine, through examination of the enabling statutes applicable to each . . ., which the legislature intended to have preeminent powers." 505 Pa. at 622, 483 A.2d at 452. In the event there is no clear legislative intent in the statutes, the second part of the analysis requires us "to determine legislative intent as to which agency is to prevail, [by] turn[ing] to the statutory construction rule that legislative intent may be determined by a consideration, *inter alia*, of the consequences of a particular interpretation." *Id.* at 628, 483 A.2d at 454. (Citation omitted.)

Applying this two-part analysis, the trial court held that there was no clear legislative intent that the County Code preempted local zoning laws, and that the consequences of so finding would undermine the Borough's Comprehensive Plan but would not frustrate the County's ability to build a jail at a site elsewhere. The County and Borough agreed that the preliminary injunction be considered a final one in order to expedite the appeal process.

The County contends that the trial court erred in finding that local zoning was not preempted, because under either part of the *Ogontz* analysis, legislative intent to preempt local zoning can be shown. As to the first part of the analysis, it contends that the County Code's grant of authority to use County property "as authorized by law" evidences a clear legislative intent that the Code preempt local zoning ordinances. For that proposition, the County argues that in both *County of Venango v. Borough of Sugarcreek,* 141 Pa.Commonwealth Ct. 466, 596 A.2d 265 (1991), and *Borough of Tunkhannock v. County of Wyoming,* 96 Pa.Commonwealth Ct. 243, 507 A.2d 438 (1986), we held that the "as authorized by law" language in Sections 2305 and 2315 of the County Code evidenced a clear legislative intent that these sections were preeminent over local zoning laws.

Subsequent to the County filing its brief with this Court, our Supreme Court overturned our decision in *County of*

*Venango v. Borough of Sugarcreek Zoning Hearing Board,*
—— Pa. ——, 626 A.2d 489 (1993). In its decision, the
Supreme Court held that the "as authorized by law" language
found in those provisions does not show any clear legislative
intent to preempt local zoning laws. It stated that those
provisions:

> do not establish a clear legislative direction that the authori-
> ty granted therein to use county property for a jail may be
> exercised without regard to local land use regulations.
> Even if the commissioners may "act within the sphere of
> their legal authority" to acquire property or use property
> already owned by the county for the stated purposes, there
> is no indication that they may ignore local zoning restric-
> tions in doing so.

*Id.* at p. ——, 626 A.2d 489.

Even if there is no clear legislative intent to preempt local
zoning, the County contends that under the second part of the
*Ogontz* analysis, there is legislative intent to preempt local
zoning because of the consequences if it is not allowed to build
a jail at its proposed location. The second part of the *Ogontz*
analysis requires that legislative intent be discerned by con-
sidering the consequences of making local zoning preeminent
over counties carrying out their government responsibility to
operate jails. As a consequence of not being allowed to build
the jail at its current site, the County contends that the
expense of building and maintaining a jail other than at its
present location will be much greater and that it will encoun-
ter siting difficulties. Specifically, those siting difficulties can
be best described as exclusionary zoning in some of the
communities in Beaver County, as well as the "not in my
backyard" attitude that develops with regard to projects of
this kind.[2] While the County's contention is stated in a way
that is specific to the location of this proposed facility, the

---

2. As agreed to at oral argument, there is nothing that precludes the
County from applying to build the jail at the proposed site on the basis
that it is a pre-existing non-conforming use. As to local governments
that have purportedly zoned out all jails, the County has available to it
the remedies available to all landowners to counter local government
exclusionary zoning practices.

consequences for all counties would be the same if subject to local zoning—increased costs and they would have similar zoning difficulties as other landowners. In addressing those consequences in the *Borough of Sugarcreek,* our Supreme Court held that:

> [t]he consequences of deciding that [Venango] County should be preeminent in this matter are that the Borough's zoning scheme would be frustrated in this case and in every other case where a county land use plan conflicted with the borough plan and the county was carrying out it [sic] one of its enumerated powers "as authorized by law." On the other hand, if the borough were to prevail, the county's power to locate jails and other facilities would not necessarily be frustrated, for it is possible to exercise this power consistent with local comprehensive land use plans by acquisition of other parcels zoned to accommodate such uses.

*Id.*

By so holding, the Supreme Court found that under the second part of the *Ogontz* analysis, no legislative intent can be discerned from the consequences that local zoning should not be preeminent when counties build jails.

Because the Supreme Court's holding in the *Borough of Sugarcreek* is "on all fours" with this case, the well-reasoned opinion of Senior Judge John Q. Stranahan for the Beaver County Court of Common Pleas is affirmed.

### ORDER

AND NOW, this 16th day of July, 1993, the order of the Beaver County Court of Common Pleas dated April 21, 1993, is affirmed.