622 A.2d 418

**EDGMONT TOWNSHIP, Appellant,**

**v.**

**SPRINGTON LAKE MONTESSORI SCHOOL, INC., and The Zoning Hearing Board of Edgmont Township and Edwin T. Calvert and Lauretta M. Calvert.**

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 1993.

Decided March 8, 1993.

Joseph M. DeMarco, for appellant.

Keith N. Leonard for appellee Springton Lake Montessori School, Inc.

Before PALLADINO and PELLEGRINI, JJ., and WRIGHT, Senior Judge.

PELLEGRINI, Judge.

Edgmont Township (Township) appeals from an order of the Court of Common Pleas of Delaware County (trial court) affirming the Zoning Hearing Board of Edgmont Township's (Board) grant of a special exception to Springton Lake Montessori School (School) to operate a preschool facility.

In July 1991, the School filed an application for a special exception with the Board to permit it to operate a private preschool educational facility in a one-story single family dwelling on 2.3 acres of land located in the Township's R–1 residential/agricultural district. A private educational institution is permitted as a special exception in the R–1 zone.

At the hearings before the Board on the special exception,[1] the Township opposed granting the special exception contending the plan submitted by the School did not meet the specific criteria set forth in the zoning ordinance [2] to be entitled to a special exception. Specifically, the Township contended that the School failed to establish that it was in compliance with the following:

● Section 2112(a)(10) required effective sanitation measures which necessitated the existing septic system capacity be doubled to accommodate the increased use while the School's submitted plan provided for no additions to the system.

● Section 2112(a)(11) required screening and landscaping to provide a visual buffer between non-residential and residential uses and the School's submitted plan provided for no such measures.

● Section 2112(a)(14) required adequate off-street parking and loading in accordance with Article 17 which required 11 parking spaces based on the number of students and teachers and the School's submitted plan provided for 9 spaces only.

1. Pennsylvania Municipalities Planning Code, Section 909.1(6) of the Act of July 31, 1968, P.L. No. 805, *as amended,* 53 P.S. § 10909.1(a)(6).

2. Standards and Criteria for Approval of Special Exceptions by the Zoning Hearing Board, Article 21, Section 2112, Edgmont Township Zoning Ordinance No. 79.

- Section 2112(a)(19) required effective storm water management, soil erosion and sedimentation control techniques and the School's submitted plan provided for no such measures.

While the School admitted that its present application did not meet those requirements it promised that it would be in compliance prior to opening the school. Finding that the intent to comply was sufficient to meet the specific standards that the ordinance required, the Board granted the special exception on condition that the School bring its plan into compliance prior to occupancy. The Township appealed the Board's decision to the trial court which affirmed. This appeal followed.[3]

■ To be entitled to receive a special exception it was incumbent on the School to come forward with evidence detailing how it was going to be in compliance with the requirements necessary to obtain a special exception to operate a preschool in a R–1 zoning district. *N. Pugliese, Inc. v. Palmer Township Zoning Hearing Board,* 140 Pa.Commonwealth Ct. 160, 592 A.2d 118 (1991). Evidence is not a "promise" that the applicant will comply because that is a legal conclusion the Board makes once it hears what the applicant intends to do and then determines whether it matches the requirements set forth in the ordinance. In *Appeal of Baird,* 113 Pa.Commonwealth Ct. 637, 641, 537 A.2d 976, 978 (1988), a zoning hearing board denied an applicant a special exception to operate a dog kennel on 11.86 acres of land because the applicant failed to show compliance with ordinance requirements applicable to buildings in the zone in question. Overturning the Board, the trial court held that because the lot was in excess of 11 acres, it was self-evident that the parcel was large enough to provide for any building configuration necessary to meet the zoning ordinance requirements. Re-

3. Our scope of review, when no additional testimony is taken by the trial court, is limited to determining whether the Board committed an abuse of discretion, or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). The Board committed an abuse of discretion if its findings are not supported by substantial evidence. *Id.*

versing, we held that the Board properly denied the special exception because an applicant is required to show at the time of the hearing that it met the requirements of the ordinance.

The failure of the promise to establish sufficient evidence of compliance is not cured by a condition contained in the Board's decision that the School meet the requirements of the ordinance prior to occupying the property. In *Lafayette College v. Zoning Hearing Board of the City of Easton*, 138 Pa.Commonwealth Ct. 579, 587, 588 A.2d 1323 (1991), we overturned the grant of a special exception where the plan submitted to the Board did not comply with the on-site parking requirement necessary to obtain a special exception even though the grant of the special exception was conditioned on the applicant obtaining off-site parking. Rejecting that the off-site parking condition cured its failure to meet the specific requirement of on-site parking, we held that the proper function of a condition imposed upon a special exception is to reduce the adverse impact of that permitted use, and not to enable the applicant to meet its burden of showing that it met the requirements necessary to obtain a special exception.[4] *Id.* at 586, 588 A.2d at 1326. The standard to be observed by the Board is whether the plan as submitted complies with specific ordinance requirements at the time the plan comes before it. *Id.* at 588, 587 A.2d at 1327; *See also, Baird.*

Here, the plan as submitted admittedly did not meet four specific requirements of the ordinance needed to be met to obtain a special exception. The School's promise that it intended to revise the plan to meet these requirements is not evidence but a self-serving declaration. A self-serving declaration of a future intent to comply is not sufficient to establish compliance with the criteria contained in the ordinance. *Baird.* If we were to adopt a rule that to obtain a special

---

4. In other words, a zoning board has power to impose conditions restricting a use or permission if the evidence indicates that a proposed use or permission will have an adverse effect sufficient to justify the denial of an exception. The zoning board is obligated to reduce that impact to an acceptable level, if it can, by imposing conditions, rather than by denying the exception. Ryan, Pennsylvania Zoning Law and Practice § 5.2.7.

exception all that would be required is for an applicant to promise to come into compliance at some future date, it would make Board approval meaningless because once a applicant promises it is entitled to receive the special exception.

Accordingly, because a promise to come into compliance is not evidence to support the Board's grant of the special exception, the order of the trial court is reversed.

## ORDER

AND, NOW, this 8th day of March, 1993, the order of the Delaware County Court of Common Pleas dated June 17, 1992, Civil Action # 91–17697, is reversed.