## Snyder Hardware Inc. v. Zoning Hearing Board of Straban Township

*Glenn C. Vaughn,* for Snyder Hardware Inc.

*Chester G. Schultz,* for Zoning Hearing Board of Straban Township.

*Walton V. Davis,* for intervenor Straban Township.

GEORGE, *J.,* February 26, 2008—Snyder Hardware Inc. appeals from the decision of the Straban Township Zoning Hearing Board denying their request for special exception. Straban Township has intervened in the litigation. For the reasons set forth below, the decision of the board is affirmed.

On February 26, 2007, Snyder submitted application to the board seeking special exception under the Straban Township Zoning Ordinance for the development of approximately 680 acres along both sides of Red Bridge Road just south of Beaver Run Road, Straban Township, Adams County. The proposal called for the development of 660 units in a cluster residential design. The property at issue is located in a rural residential (R-R) zoning district pursuant to the Straban Township Zoning Ordinance.

Pursuant to the ordinance, any development plan containing 10 or more units or lots is required to apply for

a special exception under section 301(B).[1] After hearing, the board denied Snyder's request for special exception on several different grounds. Initially, the board found that Snyder failed to carry the burden of proof in satisfying the criteria for a special exception under the ordinance. Specifically, the board found that Snyder failed to provide credible evidence concerning sufficient infrastructure to support the development. The board found a paucity of information concerning fire, police, and ambulance protection; adequate public sewer and water facilities; and other public utilities. Additionally, the board found a lack of meaningful information concerning the suitability of the road system to support such a development. Finally, the board held that the application was inconsistent with the open space requirement under the ordinance and that the pedestrian scale lighting plan accompanying the development plans presented safety issues.

Snyder, in their appeal, raises a multi-front assault on the board's decision. Initially, Snyder claims that the board's decision was procedurally defective under the provisions of the ordinance. Snyder suggests, as a matter of law, that the procedural defect requires a "deemed approval" of the special exception. Snyder next argues that the board committed an error of law and abuse of discretion in finding that the applicant failed to present evidence of all specific objective requirements for a

---

1. Subsequent to the zoning hearing, the township has codified their ordinances. The codified section number related to special exceptions is section 140-7B(1). For consistency with the record, throughout this opinion, the court will cite the original ordinance section which will be accompanied by a footnote identifying the codified section number.

special exception under the ordinance. Snyder suggests that the board misapplied the burden of proof as they suggest that the burden rests upon objecting parties in raising general policy concerns. They conclude that since the hearing record lacked the presentation of any such evidence by any objecting party, the board was obligated to approve the special exception. Finally, Snyder suggests that even should the board have correctly determined that sufficient proof to satisfy the criteria for the special exception was lacking, they were required to approve the special exception with appropriate conditions rather than denying the application. I will address each of these issues seriatim.

The Straban Township Zoning Ordinance provides, in pertinent part, that when an application to the zoning hearing board is denied:

"[t]he decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor. Conclusions based on any provisions of this ordinance or any law, ordinance, rule or regulation shall contain a reference to the provisions relied on and the reasons why the conclusion is deemed appropriate in light of the facts found." Straban Township Zoning Ordinance, section 902(B)(10).[2]

This provision in the ordinance mirrors the requirements of the Municipalities Planning Code as they relate to decisions of a zoning hearing board. See 53 P.S. §10908(9). Snyder does not take issue with the timeliness of the decision nor with the presence of findings of fact and conclusions of law within the decision. Rather, Snyder challenges the decision's specificity in setting forth

---

2. Section 140-61B(11).

findings of fact and conclusions of law. Notably, Snyder fails to set forth any authority in support of this argument.

A zoning board's written decision is sufficient if it provides an adequate explanation of its resolution of the factual questions involved, and sets forth its reasoning in such a way as to show its decision was reasoned and not arbitrary. *Borough of Youngsville v. Zoning Hearing Board of Borough of Youngsville,* 69 Pa. Commw. 282, 286, 450 A.2d 1086, 1089 (1982). "Where a zoning board's decision is clear and substantially reflects application of the law governing variances the decision is sufficient to enable effective review." *Taliaferro v. Darby Township Zoning Hearing Board,* 873 A.2d 807, 816 (Pa. Commw. 2005), *appeal denied,* 585 Pa. 693, 887 A.2d 1243 (2005) citing *In re Avanzato,* 44 Pa. Commw. 77, 403 A.2d 198 (1979).

Applying this instruction currently, I find the board's decision more than sufficient to present effective review. As evidence of this conclusion, we need look no further than Snyder's item-by-item assault on the board's decision. The decision makes specific factual findings and specific reference to the section of the ordinance which sets forth the criteria which the board found to be lacking in the application. The decision also explains that the application's failure to comply with the open-space requirements of the ordinance is due to a board finding of lack of contiguous open space. When read in its entirety, there is no doubt as to the factual findings and conclusions reached by the board.

Moreover, even had I determined that the written facts and findings were insufficient, Snyder's request for a "deemed approval" is contrary to appellate authority. In

*Romesburg v. Fayette County Zoning Hearing Board,* 727 A.2d 150, 152 (Pa. Commw. 1999), the issue of when a "deemed approval" is appropriate was thoroughly discussed:

"Pursuant to section 908(9) of the Code, 53 P.S. §10908(9), the board is required, within 45 days of the last hearing on an application before a zoning board, to render a decision on a matter and communicate that decision to the applicant in writing. *Mullen v. Zoning Hearing Board of Collingdale Borough,* 691 A.2d 998 (Pa. Commw. 1997). Otherwise, assuming that the applicant has not agreed to an extension of time, and even if the applicant was informed orally of a decision, there is a deemed approval of the application due to untimeliness. *Id.* It is not necessary that the written decision be accompanied by the usual written appurtenances of an opinion. *Id.* Despite language in the statute indicating otherwise, precedent clearly indicates that a decision, not supported by written facts and findings, is still valid; the decision is not deemed to be in favor of the applicant solely because the findings of fact and conclusions of law are late or absent. *Packard v. Commonwealth,* 57 Pa. Commw. 322, 426 A.2d 1220 (1981); *Heisterkamp v. Zoning Hearing Board of City of Lancaster,* 34 Pa. Commw. 539, 383 A.2d 1311 (1978). It is the decision itself that must be made within 45 days. *Packard.*" 727 A.2d 150, 152.

Although remand to the zoning hearing board is an appropriate remedy where a decision's findings of fact and conclusions are deficient, see *Mill-Bridge Realty Inc. v. Zoning Board of Adjustment and Amish-Dutch Inns Inc.,* 4 Pa. Commw. 157, 161-62, 286 A.2d 483, 486 (1972), remand is not necessary instantly since all parties

have adequately framed the issues and identified the board's findings and conclusions which are the subject of this dispute. Accordingly, Snyder is not entitled to any relief on this issue.[3]

Snyder next argues that the board committed an error of law by improperly placing the burden of proof on them in regard to addressing general policy considerations. Snyder argues that their initial burden, as applicants, is limited to establishing that the kind of use proposed is permitted in the district by special exception; that the proposal meets the specific special exception requirements of the ordinance; and that the proposal meets specific requirements for the proposed use generally. Once these elements are satisfied by the applicant, Snyder suggests that the burden shifts to the objectors, if any, to establish that general policy concerns are sufficient to warrant denial of the application. Snyder concludes that the board committed an error of law because the reasons cited by the board for denial fall within the category of general policy concerns for which they have no burden to refute until evidence raising those concerns is submitted by an objecting party. Although Snyder's argument may find support in the law, it is misapplied to the circumstances of this matter.

---

3. Snyder, in their brief, appears to take issue with the board's decision being signed by the solicitor rather than the individual board members. There is no merit to Snyder's concern in this regard. See *Mullen v. Zoning Hearing Board of Collingdale Borough,* 691 A.2d 998, 1000-1001 (Pa. Commw. 1997) (it is not necessary that a decision be accompanied by the usual written impertinences of an opinion nor that the decision contain signatures of the board's members as the decision may be communicated by an agent of the board in place of the members themselves).

As mentioned, Snyder's application before the board was one for special exception. A special exception is a use that is expressly permitted provided the applicant meets certain enumerated standards. *Southdown Inc. v. Jackson Township Zoning Hearing Board,* 809 A.2d 1059, 1063-64 n.6 (Pa. Commw. 2002). The rules which determine whether a special exception is to be granted are enumerated in the ordinance itself. *Broussard v. Zoning Board of Adjustment of City of Pittsburgh,* 831 A.2d 764, 769 (Pa. Commw. 2003). It is the function of the board to determine that such specific facts, circumstances, and conditions exist which comply with the standards of the ordinance and merit the granting of the exception. *Id.*

The applicant for a special exception has the burden of proving that the proposed special exception use satisfies the standards in the zoning ordinance. *Greth Development Group v. Zoning Hearing Board,* 918 A.2d 181, 186 (Pa. Commw. 2007). Once an applicant has made out a prima facie case, the burden shifts to any objectors to present sufficient evidence that the proposed use has a detrimental effect on the public health, safety and welfare. *Id.* Typically, an applicant for a special exception need not address general policy considerations such as sewage capacity. *Schatz v. New Britain Township Zoning Hearing Board of Adjustment,* 141 Pa. Commw. 525, 532, 596 A.2d 294, 298 (1991). However, where such provisions are specifically required by the zoning ordinance, a special exception may be denied if the applicant fails to establish it can meet those requirements. *Greth Development Group v. Zoning Hearing Board, supra* at 186, citing *East Manchester Township Zoning Hearing Board v. Dallmeyer,* 147 Pa. Commw. 671, 609 A.2d 604 (1992).

Recently, the Commonwealth Court reaffirmed the general principle that in considering a request for special exception, it is presumed a proposed use is consistent with the promotion of local concerns relating to general health, safety and welfare. This presumption, as properly noted by Snyder, shifts the burden to any objectors to prove that the proposed use is detrimental to those concerns. *Elizabethtown/Mt. Joy Associates L.P. v. Mount Joy Township Zoning Hearing Board,* 934 A.2d 759 (Pa. Commw. 2007). However, the Commonwealth Court further recognized that a zoning ordinance may alter this general presumption by providing that the burden rests on the applicant with regard to issues of detriment to the health, safety, and welfare of the community. *Id.,* 934 A.2d at 764 n. 6. The court instructed that in such instances, the applicant bears the initial burden of persuasion. *Id.* Although partially citing authority in this area, Snyder ignores the clear legal precedent requiring an applicant to present proof of compliance with an ordinance's criteria for a special exception even where they may otherwise fall within the ambit of general policy consideration.

The criteria governing the application before the court is set forth in ordinance section 902(E).[4] Among those criteria is a requirement that the applicant establish that "[a]dequate public facilities are available to serve the proposed use (*e.g.,* schools, fire, police and ambulance protection, sewer, water and other utilities, vehicular access, etc.). Ordinance section 902(E)(4).[5] Thus, it is clear that under the authority of *Elizabethtown,* Snyder bears the burden of persuasion on this issue.

---

4. Section 140-61E.
5. Section 140-61E(4).

After hearing, the board concluded that Snyder's presentation lacked credible evidence in regard to the criteria set forth in subparagraph (4) of the ordinance. In reviewing the board's determination, I note that this court may not substitute an interpretation of the evidence for that of the zoning board. *Vanguard Cellular Systems Inc. v. Zoning Hearing Board of Smithfield Township,* 130 Pa. Commw. 371, 380, 568 A.2d 703, 707 (1989). It is the function and obligation of a zoning hearing board to weigh the evidence before it. *Spargo v. Zoning Hearing Board of the Municipality of Bethel Park,* 128 Pa. Commw. 193, 204, 563 A.2d 213, 218 (1989). It is the board who is the sole judge of the credibility of witnesses and the weight to be afforded the testimony. *Manayunk Neighborhood Council v. Zoning Board of Adjustment of City of Philadelphia,* 815 A.2d 652, 658 (Pa. Commw. 2002), *appeal denied,* 574 Pa. 777, 833 A.2d 145 (2003). In this regard, a zoning board is free to reject even uncontradicted testimony it finds lacking in credibility. *Nettleton v. Zoning Board of Adjustment of City of Pittsburgh,* 574 Pa. 45, 58, 828 A.2d 1033, 1041 (2003). Where the record contains substantial evidence, this court is bound by the board's findings resulting from resolutions of credibility. *Macioce v. Zoning Hearing Board of Borough of Baldwin,* 850 A.2d 882, 887 (Pa. Commw. 2004), *appeal denied,* 581 Pa. 683, 863 A.2d 1150 (2004).

An exhaustive review of the record reveals that the board's conclusions find support in the record. The board's determination that the applicant failed to provide facts about fire protection, police protection, ambulance protection, public sewer facilities, public water facilities, other public utilities, and vehicular access is substanti-

ated by the record. For instance, in regard to the issue of public sewer facilities, the applicant represented that sewer service will be provided and "in concept" is "intended" to be treated at an approved community sewage treatment plant.[6] Snyder's presentation is similarly cavalier in regard to other public services. Although broadly proclaiming that "[a]dequate public facilities will be available for the proposed community,"[7] Snyder presents no substance in support of that proclamation. In response to questioning by Snyder's council, the sole witness on behalf of the applicant, Randall J. Wright, indicated that he "believed" the services were available. Hearing tr., p. 35. Upon cross-examination by the township's solicitor, Wright conceded that he had not spoken with any officials from the respective school district, ambulance service provider or fire company servicing the proposed development. Hearing tr., p. 40. Wright also conceded that there has been no traffic study in regard to the impact of the development. Hearing tr., p. 53. In regard to water service, Wright could provide no specifics in regard to available water or the proposed location for water storage. Hearing tr., pp. 38, 59.[8]

---

6. Hearing transcript, pp. 8, 25. Applicant's exhibit 1, p. 5.

7. Applicant's exhibit 1, p. 7.

8. Hearing testimony indicated that any water service system would require storage capacity. The testimony indicated that the extent or size of the storage facilities was presently unknown. In their brief, the township suggests that a determination of whether Snyder's proposal complies with the open-space requirements of the ordinance is impossible in light of the inability to calculate the size of the water and sewage treatment systems in relation to their impact on the amount of available open space. While I find the township's argument meritorious, it is not necessary to conduct further discussion in light of the resolution herein above. *Zoning Hearing Board v. Board of Supervisors,* 804 A.2d 1274, 1278 (Pa. Commw. 2002).

I find the recent Commonwealth Court decision in *Elizabethtown, supra,* to be controlling. In *Elizabethtown,* on a similar record, the Commonwealth Court affirmed a decision of the Mt. Joy Township Zoning Hearing Board denying an application for special exception. The Commonwealth Court upheld the board's determination that uncorroborated statements made by the developer were insufficient to meet the criteria set forth in the ordinance. The court noted that "[t]he standard to be observed by the [zoning hearing board] is whether the plan as submitted complies with specific ordinance requirements at the time the plan comes before it." *Elizabethtown, supra,* 934 A.2d at 765, citing *Edgmont Township v. Springton Lake Montessori School Inc.,* 154 Pa. Commw. 76, 622 A.2d 418 (1993). The court concluded that statements as to what "could" be done failed to evidence compliance with the criteria of the Elizabethtown ordinance. Similarly, I find the board's rejection of Snyder's broad claims to be within their prerogative to weigh the evidence. Since the board found a lack of credible evidence in regard to the specific criteria of the ordinance, the application was properly denied. *Sheetz Inc. v. Phoenixville Borough Council,* 804 A.2d 113, 115 (Pa. Commw. 2002), *appeal denied,* 573 Pa. 669, 820 A.2d 706 (2003).

Snyder finally argues that even if the special exception criteria under the ordinance have not been satisfied, the board was required to conditionally approve the special exception. Unfortunately for Snyder, the Commonwealth Court clearly ruled contrary to Snyder's position in *Elizabethtown, supra.*

"Even if an applicant demonstrates that it can comply with the ordinance requirements and promises to do so,

the ZHB does not err in denying the application. Simply put, a concept plan is insufficient to warrant the granting of a special exception; rather, to be entitled to receive a special exception, the applicant must come forward with evidence detailing its compliance with the necessary requirements. 'Evidence is not a "promise" that the applicant will comply because that is a legal conclusion the [ZHB] makes once it hears what the applicant intends to do and then determines whether it matches the requirements set forth in the ordinance.' *Edgmont Township,* [154 Pa. Commw. 79,] 622 A.2d at 419.

"Thus, there simply is no duty on a zoning hearing board to grant a special exception with conditions. The proper function of conditions is to reduce the adverse impact of a use allowed under a special exception, not to enable the applicant to meet his burden of showing that the use which he seeks is one allowed by the special exception." *Elizabethtown v. Mt. Joy Township Zoning, supra,* 934 A.2d at 768. (citations omitted) (footnote omitted)

Since this reasoning is consistent with ample appellate authority, the attached order is entered.

## ORDER

And now, February 26, 2008, the decision of the Straban Township Zoning Hearing Board is affirmed.