## Promises for Pets, Inc. v. Council of the City of New Castle

C.P. of Lawrence County, No. 70136 of 2011.

*Susan M. Papa,* for appellant.
*Jason A. Medure,* for appellee.

COX, *J.,* April 4, 2012—Before the court for disposition is the notice of land use appeal filed on behalf of the appellant Promises For Pets, Inc., which argues that the Council of the City of New Castle's decision to deny the appellant's application for a conditional use to build a no-kill animal shelter was arbitrary and capricious as evidenced by the findings of fact and conclusions of law that indicates the no-kill animal shelter was a permissible conditional use.

The appellant is an Internal Revenue Code 501(c)(3) non-profit organization with its business address at 439 Court Street, New Castle, Lawrence County, Pennsylvania.

In addition, the appellant owns 12.73 acres of real

property located at Harbor Street, New Castle, Lawrence County, Pennsylvania. That property is located in an area zoned R-2 Medium Density Residential District pursuant to the City of New Castle Zoning Ordinance. On July 8, 2011, the appellant submitted to the Council of the City of New Castle (hereinafter "City Council") an application for a conditional use pursuant to § 1329.07 of the City of New Castle's Zoning Ordinance requesting permission to construct a no-kill animal shelter on the property in question. The application was previously denied by the City of New Castle Planning Commission by a vote of 3-0. City Council then conducted a hearing regarding the appellant's application on October 18, 2011, which provided the appellant an opportunity to support its application. Members of the community were also allowed to make comments on the issue. It must be noted that the application for the conditional use included a request to construct an approximately 6,000 square foot building and an animal park, in which the appellant intends to preserve the natural environment and permit people to walk their dogs.

At the hearing, Susan M. Papa, Esquire, the President for Promises For Pets, Inc., presented the application on behalf of the appellant. During her presentation, Attorney Papa stated that the appellant's intent was to build a no-kill animal shelter and still preserve the local habitat and its natural beauty as well. The appellant's goal is to control the stray animal problem in the local community by creating an open, full-service facility dedicated to protecting the welfare of animals. Moreover, the shelter would be used

to educate school students about animal welfare. Attorney Papa stated that the facility would contain state-of-the-art cages made of tempered glass to reduce or eliminate noise and be equipped with double locking mechanisms to prevent human error or mistakes that would lead to animals escaping from the premises. The property would also contain a fence to prevent animals from leaving the premises as well. The plans for the facility included a water and cleaning system to reduce odors that are typically emitted by other animal shelters. Moreover, attorney Papa emphasized that the R-2 Medium Density Residential District permits hospitals, nursing homes, professional offices, schools, churches and apartment buildings. John Altman, the President of the Lawrence County Animal Relief Fund, announced his support of the no-kill animal shelter by referencing Animal Friends located at 562 Camp Home Road, Pittsburgh, Pennsylvania, which, as he explained, maintains a no-kill animal shelter where there are no excessive noise or odor emissions due to the tempered glass cages and the automatic cleaning system.

Conversely, 15 local residents voiced their concerns regarding the proposed conditional use. It must be noted that a large majority of those objections were raised to the location of the shelter as many residents of the West Side of New Castle oppose the building of the animal shelter in their neighborhood. Further, the local residents stated their concerns regarding noise, odors, traffic congestion and an increased amount of stray animals in the Harbor Street area. In addition, it was mentioned that the appellant did not have specific architectural plans set forth for the

building at the time of the meeting with City Council. Attorney Papa indicated that the plans would be finalized after approval as it was cost prohibitive to do so before being granted permission for the conditional use because the preliminary engineering costs are approximately $20,000.

On November 16, 2011, findings of fact and conclusions of law were drafted by the Solicitor for the City of New Castle, Jason A. Medure, Esquire. That document stated the criteria for determining whether to grant a conditional use takes into account the effect such a use would have on the immediate surroundings, such as potential noise, traffic congestion, hours of operation, safety and environmental degradation. The document further explained:

> Many members of the west side community spoke in opposition to applicant's request citing many potential problems related to a no-kill animal shelter. However, all concerns related to City Council by the community can be remedied through contingencies placed upon the conditional use. Furthermore, some concerns, although taken into consideration, do not appear to be a true hindrance on the operation of such facility.

As a result, attorney Medure drafted findings of fact and conclusions of law that a conditional use should be granted to the appellant with the following conditions applied:

A. The building shall be no greater than 8,000 square feet;

B.   The building shall be fenced with vinyl siding or like material with landscape screening surrounding said fence;

C.   The subject property owners shall not place or allow to be placed any natural gas wells directly on the subject property;

D.   All animals must be kept indoors between the hours of 8:00 p.m. and 8:00 a.m.;

E.   The cages inside the facility will be constructed of tempered glass or a similar material;

F.   All gates and cages shall have double locking applications;

G.   The no-kill animal shelter building shall be placed on property located on the west side of Harbor Street;

H.   The no-kill animal shelter facility shall provide a parking lot and boundary line set-back in accordance with the New Castle zoning ordinance and under the approval of the New Castle zoning officer.

However, the resolution adopted by City Council, in a 3-2 vote, and contrary to the findings of fact and conclusions of law, explained that the appellant's application for conditional use "is hereby denied in accordance with the attached findings of fact, conclusions of law and decision of New Castle City Council." The appellant then filed this Notice Of Land Use Appeal on November 23, 2011.

The appellant now contends that the council of the

City of New Castle's decision to deny its application for a conditional use to build a no-kill animal shelter was arbitrary and capricious as evidenced by the findings of fact and conclusions of law that indicates the no-kill animal shelter was a permissible conditional use.

A conditional use is merely a special exception that falls within the jurisdiction of the municipal legislative body instead of the zoning hearing board. *Bailey v. Upper Southampton Twp.*, 690 A.2d 1324,1326 (Pa. Cmwlth. 1997). "A conditional use is one specifically recognized by the legislature as consistent with the zoning plan." *Northampton Area School Dist. v. East Allen Twp. Bd. of Supervisors*, 824 A.2d 372, 376 (Pa. Cmwlth. 2003) (citations omitted). Hence, it is presumed that the particular type of use does not adversely affect the public interest. *Id.* In reviewing a municipality's decision to deny an application for a conditional use, the court can only overturn the ruling of a hearing board if there is an error of law or abuse of discretion. *City of Hope v. Sadsbury Twp. Zoning Hearing Bd.*, 890 A.2d 1137, 1144 (Pa. Cmwlth. 2006) (citing *Great Valley School Dist. v. Zoning Hearing Bd. of East Whiteland Twp.*, 863 A.2d 74, 78 n. 1 (Pa. Cmwlth. 2004)). In a conditional use case, the applicant first bears the burden of establishing that the application falls within the conditional use provision of the zoning ordinance. *Id.*, 890 A.2d at 1147 (citations omitted). Then, the burden of persuasion shifts to objectors to establish that a detrimental impact will result to the surrounding community. *Id.*, 890 A.2d at 1147-1148. Once the applicant establishes its burden, the presumption arises that the use is

consistent with the general welfare and the objectors must establish to a high degree of probability that the proposed use will adversely affect the public welfare. *Northampton Area School Dist*, 824 A.2d at 377. "Mere speculation as to possible harm is insufficient." *Id.*

This issue was addressed in *In Re: Thompson*, 896 A2d 659 (Pa. Cmwlth. 2006), where the appellants challenged the decision of the trial court, who reversed the city council's decision to grant the appellants' conditional use application. The appellants owned 39.5 acres of real property located in an R-2 zoning district, which means a low density residential district. On the property there is a watercourse, which curves along the southeast boundary of the property and a Riparian Corridor Conservation District (hereinafter "RCCD") runs on either side of the watercourse. The appellants applied for a conditional use permit to allow a roadway, utility crossings, stormwater discharge and portions of detention basins. The township planning commission reviewed the application and recommended that the city council approve the same. A series of public hearings occurred where nearby property owners, the Thompsons, appeared and presented evidence in opposition to the application. The council approved the appellants' application for the conditional use and the Thompsons appealed. Without the presentation of additional evidence, the trial court made its own findings of fact and conclusions of law. The trial court sustained the Thompsons' appeal and reversed the decision of the city council. The appellants then appealed to the Commonwealth Court of Pennsylvania.

The *In Re: Thompson* court initially noted that the appellants met their burden by presenting evidence that met the requirements of the local zoning ordinance, so the Thompsons assumed the burden of demonstrating that the proposed use would substantially affect the health, safety and welfare of the community. *Id.*, 896 A.2d at 679 (citations omitted). The court further explained, "The burden that is placed upon the objectors requires more than mere speculation of possible harm." *Id.* Thus, the objectors must show a high degree of probability that the use would substantially affect the health and safety of the community. *Id.* In addition, objectors must show that the proposed use would create an adverse impact not normally generated by the type of use proposed. *Id.* (citing *Manor Healthcare Corp. v. Lower Moreland Township Zoning Hearing Board*, 139 Pa. Cmwlth. 206, 590 A.2d 65 (1991)). The Thompsons presented evidence that the construction of a road crossing in the RCCD would require increased impervious surfaces creating more surface water flow and could lead to flooding. Conversely, the council decided that the construction of the proposed roadway would not require more impervious surfaces than would normally be expected with road utilities. The Thompsons also presented testimony critical of the stormwater management system. The council did not find any evidence presented by the Thompsons that convinced it that the stormwater design would be more detrimental than another development on the property. As a result, the *In Re: Thompson* court ruled, "council's findings are supported by substantial evidence and supported a conclusion that the Thompsons have

failed to put forth sufficient evidence that the proposed use has a detrimental effect on the public health, safety, and welfare not normally generated by the type of use proposed." *Id.*, 896 A.2d at 680. Hence, the court reversed the trial court's decision to overturn the council's approval of the appellants' application for the conditional use. *Id.*

In the case sub judice, the appellant is a non-profit organization, which owns 12.73 acres of real property located on Harbor Street, New Castle, Lawrence County, Pennsylvania in an R-2 Medium Density Residential District pursuant to the City of New Castle Zoning Ordinance. The appellant applied for a conditional use to construct a no-kill animal shelter and an animal park. That application was denied by the City of New Castle Planning Commission by a 3-0 vote and the application was then presented to City Council. A hearing was held before City Council on October 18, 2011, at which the appellant presented evidence and testimony in support of the application for a conditional use. Attorney Susan M. Papa spoke on behalf of the appellant and explained the appellant's desire to construct a no-kill animal shelter and animal park, but still preserve the local habitat. The goal of the animal shelter was to control the increasing stray animal problem by creating an open, full-service facility dedicated to protecting the welfare of animals. Attorney Papa also indicated that the facility would contain state-of-the-art cages for the animals, which included tempered glass to reduce or eliminate noise, double locking mechanisms to alleviate human error giving rise to animal escapes and a cleaning system to reduce odors typically

emitted by other animal shelters.

Fifteen residents of the Harbor Street area testified to voice their opposition to the no-kill animal shelter. Most of the objectors noted that they were opposed to the construction of the animal shelter in their neighborhood, which is not a consideration under the applicable zoning ordinance. As such, the court cannot consider those objections. However, several objectors raised other concerns, such as increased noise, odors, traffic congestion and an increase in the amount of stray animals in the Harbor Street area.

On November 16, 2011, findings of fact and conclusions of law were drafted by the New Castle City Solicitor Jason A. Medure, Esquire, in which he recognized the aforementioned concerns of the objectors, but determined that the no-kill animal shelter was a permissible conditional use and any of the potential issues regarding that use could be alleviated by placing several conditions upon the use. In spite of the conclusions reached and presented by Attorney Medure, the City Council decided to deny the appellant's application for a conditional use in a 3-2 vote. The majority of City Council did not make any findings of fact that there would be an increase in noise, odors, traffic congestion or stray animals due to the construction of the no-kill animal shelter to a degree that would adversely impact the community under City of New Castle Zoning Ordinance 1329.06. There was also no finding by City Council that the adverse impact of the no-kill animal shelter would be greater than the enumerated conditional

uses as is required by New Castle Zoning Ordinance 1329.07(1).

The decision by City Council is arbitrary as it is in direct conflict with the findings of fact and conclusions of law drafted by Attorney Medure and acknowledged by the City Council in its resolution. Moreover, an examination of the testimony at the hearing before City Council affirms the conditional use requested by the appellant does not create any additional adverse impact on the local community than any of the other conditional uses permitted in an R-2 Medium Density Residential District. The enumerated conditional uses in an R-2 Medium Density Residential District in accordance with New Castle Zoning Ordinance 1329.04(A) are an apartment house, church, cultural service, emergency services station, funeral home, home occupation, hospital, nursing/convalescent home, professional office, public and private school, and three- and four-family dwelling. There is no evidence or finding by city council that demonstrates the no-kill animal shelter would create an additional adverse impact on the community than the construction of an emergency services station, hospital, nursing or convalescent home, funeral home or a school. In fact, any potential noise and odors would be drastically reduced by the proposed safeguards established by the appellant. The tempered glass will greatly reduce any noises or odors produced by the animals housed in the no-kill animal shelter. In addition, odors will be reduced or eliminated by the cleaning system that is to be utilized. The housing units would contain double locking mechanisms to avoid animals escaping due to

human error. The appellant also indicated that there would be a procedure for people to bring animals to the shelter that would eliminate the possibility of animals escaping and roaming the local area. There is no indication on the record that the no-kill animal shelter would create more noise than a public or private school or create more traffic congestion than a hospital, which are permitted conditional uses according to the City of New Castle Zoning Ordinance. The conditions placed upon the conditional use as stated in the findings of fact and conclusions of law further eliminate or reduce potential issues and ensure that the appellant takes measures to reduce noise, odors and number of stray animals. Examples of those conditions are as follows: the appellant is required to construct a fence on the property made with vinyl siding or a similar material, landscaping is to surround the fence, all animals must be kept indoors between the hours of 8:00 p.m. and 8:00 a.m., the cages must be constructed of tempered glass and all gates must have double locking mechanisms. These measures would reduce the possibility of adverse impacts upon the local community.

The *In Re: Thompson* case provides guidance on this issue as the court ruled that the proposed conditional use of constructing a roadway did not create any further adverse impact upon the community than any other roadway already constructed. Similarly, there is no evidence presented in this case demonstrating a high degree of probability that the construction of the no-kill animal shelter and animal park would adversely affect the public welfare. The only testimony provided by the objectors is speculation and

conjecture that the animal shelter would create noise, odors, traffic congestion and an increase in stray animals. The appellant has presented testimony and a detailed plan that would drastically reduce the amount of noise and odors that are emitted by other animal shelters. Moreover, those measures included in the appellant's plan are also contained in the conditions placed upon the conditional use as set forth in the findings of fact and conclusions of law drafted by Attorney Medure and included with the adjudication of City Council. The objectors also fail to present evidence that the conditional use requested by the appellant would adversely impact the community in any different manner than several of the other conditional uses permitted by ordinance would generate. Therefore, the court rules that the denial of the appellant's conditional use by City Council was arbitrary and constituted an abuse of discretion. Hence, the decision of City Council is reversed.

The appellee argued that, in the event its decision is overturned, the conditions stated in the findings of fact and conclusions of law should be imposed upon the conditional use. The appellant accepted the majority of the conditions but, argues that conditions A, C and D placed upon the proposed conditional use were unreasonable. Those conditions are as follows: A. The building shall be no greater than 8,000 square feet. C. The subject property owners shall not place or allow to be placed any natural gas wells directly on the subject property. D. All animals

must be kept indoors between the hours of 8:00 p.m. and 8:00 a.m. At oral argument, it appeared that the parties agreed that condition C is moot as it has been preempted by legislative amendments to Section 602 of the Oil and Gas Act, which states, "The Commonwealth, by this enactment, hereby preempts and supersedes the regulation of oil and gas wells as herein defined."[1] Thus, City Council does not have the authority to regulate oil and gas production.

The court must now determine whether conditions A and D are reasonable. "In granting a conditional use, the governing body may attach such reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem necessary to implement the purposes of this act in the zoning ordinance." 53 P.S. § 10913.2(a). The local agency may impose conditions on the conditional use of the property to mitigate any potential adverse impacts from the proposed use to lower the negative impacts to an acceptable level, if that is possible. *In re: Maibach, LLC*, 26 A.3d 1213, 1216 (Pa. Cmwlth. 2011) (citing *Edgment Twp. v. Springton Lake Montessori Sch., Inc.*, 154 Pa. Cmwlth. 76, 622 A.2d 418 (1993)). "Reasonable conditions are those that advance a valid zoning interest, are supported by the record, and relate to the specific zoning ordinance at issue." *Id.* (citing *HHI Trucking & Supply, Inc. v. Borough Council of Borough of Oakmont*, 990 A.2d 152 (Pa. Cmwlth. 2010)).

In the current matter, the appellant acknowledged that

---

1. This language is taken from 2011 PA H.B. 13 (NS), which amends the language currently in 58 P.S. § 601.602.

it proposed the construction of a facility of approximately 6,000 square feet, which is less than the size restriction contained in condition A imposed by City Council. However, the appellant expressed that it does not want to be limited in the size of the structure it can build on the property as it owns 12.73 acres and 6,000 square feet would be a small portion of that property. City Council contends that 8,000 square feet was more area than the appellant proposed and it believes that a building that size would be sufficient for the appellant's needs. City Council further argues that limiting the size of the facility serves to restrict the amount of animals that could be kept on the property, which would alleviate some of the concerns raised by the local residents such as the odor and noise. However, the zoning ordinance does not specifically limit the size of a building regarding the creation of a kennel or animal shelter in R-3 High Density Residential Districts where those are enumerated conditional uses. Moreover, New Castle Zoning Ordinance 1329.06 does not place any limitations upon the size of an apartment house, funeral home, emergency services station, hospital, nursing home, professional office or school, which are conditional uses in an R-2 Medium Density Residential District. City Council has failed to present a valid reason for and evidence in support of the limitation upon the size of the facility. By imposing a limitation on the size of the facility, City Council has placed an unreasonable restraint on the appellant's ability to use the property for the purpose of creating a no-kill animal shelter and there is no reasonable basis for that restraint. Thus, the court will strike condition

A, which limits the size of the appellant's facility to 8,000 square feet.

The appellant also avers that condition D, which mandates that all animals must be kept indoors between the hours of 8:00 p.m. and 8:00 a.m., is unreasonable. However, a review of the local zoning ordinance also imposes this condition upon kennels, which are similar uses as the one proposed by the appellant. This condition clearly addresses a specific issue raised by the local residents, who feared an increase in noise would affect their daily lives. By imposing this condition, City Council attempted to ensure that any noise emitted by animals outside of the facility would be restricted to the day time in order to avoid interrupting the sleep patterns of the majority of the local residents. Moreover, any fears of the animals escaping at night would be alleviated by this condition. As a result, the court finds that this condition is a reasonable restriction on the conditional use proposed by the appellant as it advances valid zoning interests and mitigates several possible adverse impacts of the no-kill animal shelter.

For the reasons set forth in this opinion, the appellant's notice of land use appeal is granted in part and denied in part. The court agrees that City Council abused its discretion in denying the appellant's application for a conditional use and by placing a condition limiting the size of the building. However, the court affirms City Council imposing the restriction that all animals must be kept indoors between the hours of 8:00 p.m. and 8:00 a.m.

## ORDER OF COURT

Now this April 4, 2012, this case being before the court on February 27, 2012, for oral argument on the notice of land use appeal filed by the appellant, with both parties appearing through their counsel, the appellant Promises For Pets, Inc., represented through counsel, Susan M. Papa, Esquire and the appellee, Council of the City of New Castle, PA., represented through counsel, Jason A. Medure, Esquire and after a consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the adjudication dated November 16, 2011, by the Council of the City of New Castle denying the conditional use of a no-kill animal shelter requested by Promises For Pets, Inc. is hereby reversed.

2. A conditional use for the operation of a no-kill animal shelter is granted to Promises For Pets, Inc., to operate such a facility and animal park at its land situate on Harbor Street, New Castle, Lawrence County, Pennsylvania, located in an R-2 Medium Density Residential District.

3. The operation of such a facility shall be subject to the conditions contained in paragraph 9.b, d, e, f, g and h contained in the findings of fact and conclusions of law dated November 16, 2011, and such conditions are

incorporated herein as if more fully set forth in full.

4.  The Prothonotary is directed to serve a copy of this order of court upon counsel of record, Susan M. Papa, Esquire and Jason A. Medure, Esquire.